**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LUIS FLORES ROLDAN, | No. 15-72159 |
| Petitioner, | Agency No. A205-053-963 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2017**

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Jose Luis Flores Roldan, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision finding him removable and denying his motion to

suppress evidence and terminate proceedings.  We have jurisdiction under 8 U.S.C.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252.  We review de novo the denial of a motion to suppress, and claims of constitutional violations.  *Martinez-Medina v. Holder*, 673 F.3d 1029, 1033 (9th Cir. 2011). We deny the petition for review.

The agency did not err in denying Flores Roldan's motion to suppress and terminate, where he did not demonstrate that the evidence in his Form I-213 or any evidence of his alienage was obtained through an egregious violation of the Fourth Amendment.  *See Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1018 (9th Cir. 2008) (a Fourth Amendment violation is egregious if evidence is obtained by a deliberate violation of the Fourth Amendment, or by conduct a reasonable officer should have known is in violation of the Constitution).

The agency did not err by admitting evidence of alienage, including the Form I-213, where the documents submitted were probative and their admission was fundamentally fair.  *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 823 (9th Cir. 2003).

Contrary to Flores Roldan's contention, he was not entitled to confront the preparer of the Form I-213 in court.  *See* 8 U.S.C. § 1229a(b)(4)(B); *Espinoza v. INS*, 45 F.3d 308, 310-11 (9th Cir. 1995) (a Form I-213 is presumptively reliable, and "absen[t] . . . evidence to the contrary presented by the alien," there is no right to confront the form's preparer).

15-72159

Finally, Flores Roldan's contentions that the BIA overlooked evidence, failed to address all issues raised on appeal, misapplied the law, and did not sufficiently articulate its analysis are not supported by the record. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not "write an exegesis on every contention" (internal citation omitted)).

**PETITION FOR REVIEW DENIED.**